IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LUCY BINION, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 2:07cv513-WC |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Commissioner of Social Security's Motion to Amend/Supplement the Transcript (Doc. #25) of administrative proceedings that was filed in this Court on July 15, 2008. The Motion seeks to replace pages 206-216 of the transcript, which appear to be an Application for Supplemental Security Income ("SSI") by Robert Reese Binion, with an equivalent number of blank, redacted pages. As grounds for the Motion, the Commissioner asserts the SSI application included in the transcript pertains to a claimant other than Plaintiff - by all appearances, her husband - and therefore must be redacted from the record. Although both the Commissioner and the Administrative Law Judge ("ALJ") state that Plaintiff has filed her own SSI application, *see* Def.'s Mem. in Supp. of Comm. Dec. (Doc. #23) at 1, 2 & Transcript (Doc. #24) at 12, the Commissioner has not provided the Court with a copy of such application.

Out of concern for the completeness of the record and, hence, the legality of the administrative review prior to these proceedings, the Court held a hearing on Defendant's

Motion on October 20, 2008. Counsel for the Commissioner appeared at this hearing, as did Plaintiff, who is *pro se*. At the hearing, counsel for the Commissioner conveyed to the Court that a SSI application on behalf of Plaintiff could not be found, that the Commissioner could not definitively state whether such an application had ever been filed, and that the Commissioner could not explain why the ALJ, and subsequently counsel for the Commissioner, asserted that such an application had been submitted by Plaintiff. The Court stated its belief that, absent the application, the record is incomplete and the matter should be remanded to permit appropriate review of the complete record, as well as further development, if necessary. The Commissioner agreed that the record appeared incomplete and neither the Commissioner nor Plaintiff voiced any objection to the remand contemplated by the Court.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgement affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996); *see Carril v. Barnhart*, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002) (reversing the Commissioner's decision and remanding the case for further proceedings, where the Commissioner's decision

was not supported by substantial evidence).

In this case, it is unclear to this Court, and apparently the Commissioner as well, whether Plaintiff has previously filed an SSI application and, if so, what was the content of the application. Likewise, it is unclear whether the ALJ may have erroneously considered the SSI application of Robert Reese Binion in assessing the disability claims of Plaintiff. In any event, without the ability to review Plaintiff's SSI application, the Court cannot conclude that the ALJ's decision, which references such an application, is supported by substantial evidence. Thus, the Court finds reversal and remand necessary, as the record appears either fundamentally incorrect or incomplete.

Upon consideration of the Defendant's Motion (Doc. #25) and the statements of the parties at the hearing on the Motion, it is

ORDERED that the Commissioner's Motion to Supplement the Transcript (Doc. #25) is DENIED; and that the decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), for the reasons set forth in this Order and adduced at the hearing described herein.

A separate judgment will issue.

DONE this 20th day of October, 2008.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE